# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| BRYAN CARN, ) | |
| ) | |
| ) | Civil Action File |
| Plaintiff, ) | No. _____ |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| FLAMEPRO TECHNOLOGIES ) | |
| LLC, and MICHAEL LANCE, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT

Plaintiff Bryan Carn ("Plaintiff"), by and through counsel, files this Complaint against Defendants FlamePro Technologies, LLC ("FlamePro") and Michael Lance ("Lance") (collectively "Defendants") and alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff overtime wages during the period July 2020 through September

2021.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA. Damages are proper pursuant to 29 U.S.C. §§ 207 and 216.

3. FlamePro is a Georgia corporation with its principal place of business located in Augusta, Georgia.

4. Defendant Lance is a resident of South Carolina and transacts business in this judicial district and division and subject to the jurisdiction of this Court.

5. This Court has personal jurisdiction over Defendants.

6. Venue is proper in the Sothern District of Georgia pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff is a citizen and resident of Georgia in this District and Division.

8. Defendant FlamePro Technologies, LLC is a Georgia corporation.

9. FlamePro's registered agent on file with the Georgia Secretary of State is Ashleigh Gregory located at 4856 Orchard Hill Dr, Grovetown, GA, 30813.

10. FlamePro had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

11. At all relevant times, Defendant Lance was the owner, general manager, and/or primary decision maker for FlamePro.

12. Defendant Lance can be served at 385 Lake Murray Drive, North Augusta, SC 29841.

13. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

14. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

15. Plaintiff was employed by Defendants as a laborer and installer.

16. At all times during his employment, Plaintiff was a non-exempt employee of Defendants.

17. At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

18. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Lance is Individually Liability for the FLSA Violations.**

19. Upon information and belief, at all relevant times, Defendant Lance was the owner, general manager, and/or primary decision maker for FlamePro; had control and direction over workplace conditions, operations, personnel, and

compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

20. Upon information and belief, Defendant Lance, as an owner, general manager, and/or primary decision maker for FlamePro, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

21. Upon information and belief, Defendant Lance exercised sufficient control over Plaintiff to cause Defendant Lance to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

22. Defendants hired Plaintiff in approximately July 2020.

23. Plaintiff's employment with Defendants ended in approximately September 2020.

24. Plaintiff was employed as an installer and his job duties included construction, remodeling, stonework, tilework, and fireplace installation for residential customers.

25. In performing his job duties for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

26. In performing his job duties for Defendants, Plaintiff did not direct or

supervise the work of any employees.

27. In performing his job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

28. In performing his job duties for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

29. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**C. Plaintiff's Unpaid Overtime.**

30. Defendant paid Plaintiff a flat weekly salary regardless of the amount of hours Plaintiff worked.

31. Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

32. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

33. Defendants willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

34. Defendants maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

35. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

36. At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

37. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

38. At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

39. FlamePro had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

40. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

41. The foregoing conduct, as alleged, constitutes a willful violation of the

FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

42. Plaintiff suffered damages due to Defendants' willful misconduct.

43. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted this September 14, 2021,

                                              **HALL & LAMPROS, LLP**

                                              */s/ Gordon Van Remmen*
                                              Christopher B. Hall
                                              Ga. Bar # 318380
                                              Gordon Van Remmen
                                              Ga. Bar #215512

400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*